IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA M. HELLER | : | |
| | : | |
| *Plaintiff,* | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| UNUM GROUP and | : | |
| UNUM LIFE INSURANCE | : | |
| COMPANY OF AMERICA | : | |
| | : | |
| *Defendants.* | : | |

**CIVIL ACTION COMPLAINT**

Now comes the Plaintiff, CHRISTINA M. HELLER, by and through her attorneys, Swartz Culleton Ferris Trial Lawyers, and complaining against the Defendants, UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, and states:

**I.      PARTIES**

1. The Plaintiff, Christina M. Heller ("Heller" or "Plaintiff"), age 49 (born 12/25/1975), is a resident of Lebanon, Pennsylvania and resides at 601 S. 14th Street, Lebanon, PA 17042.

2. Defendant, Unum Group ("Unum Group" or "Defendant"), is a corporation with its headquarters in Chattanooga, Tennessee, and was at all times relevant hereto doing business throughout the United States and within the Eastern District of Pennsylvania. Unum Group is the parent company of Defendant Unum Life Insurance Company of America.

3. Defendant, Unum Life Insurance Company of America ("Unum"), is a subsidiary corporation to Unum Group, with its headquarters in Portland, Maine. At all times relevant

hereto, Unum was doing business throughout the United States and within the Eastern District of Pennsylvania.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 by virtue of the fact that this case arises under the laws of the United States – namely, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

5. The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district.

7. Plaintiff has exhausted all administrative remedies pursuant to the Plan's policy documents.

## III. STATEMENT OF CLAIMS

8. This action is brought as a claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Heller seeks payment of long-term disability benefits due under a group policy of insurance, number 382480 ("the Policy"), issued by Unum Life Insurance Company of America for the benefit of employees of BlueScope Steel North America Corporation.

9. The Policy provides payment of monthly disability income benefits for participants that meet the definition of Disability.

10. Unum Life Insurance Company of America is the claims fiduciary responsible for administering the Policy.

11.     At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

12.     Incident to her employment with BlueScope Steel North America Corporation, Heller received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

13.     Immediately prior to ceasing work, Heller was successfully employed as a CNC Machine Operator for BlueScope Steel North America Corporation.

14.     Since 2015, Heller has been diagnosed and/or has suffered from multiple debilitating conditions, including nonischemic cardiomyopathy with congestive heart failure (causing dyspnea on exertion and persistent shortness of breath), ataxia, essential hypertension, chronic kidney disease, drug-induced tremors, bilateral hearing loss, blurred vision, lumbar degenerative disc disease with spondylosis, and rhabdomyolysis.

15.     In addition, Heller has been diagnosed with bipolar disorder, depression, and anxiety, which collectively impose significant emotional and cognitive challenges.

16.     On April 1, 2016, Heller's cardiac condition progressed to the point of requiring an implanted defibrillator, a procedure performed by Dr. Robert Stephenson.

17.     Heller's functional impairments include markedly restricted mobility, difficulty with prolonged sitting, walking, or standing, and an inability to engage in activities requiring sustained effort, primarily due to her heart condition. The cumulative effects of these conditions have drastically reduced her quality of life and rendered her incapable of engaging in any form of gainful employment.

18.     Imaging studies confirm Heller's lumbar spine pathology. A lumbar x-ray taken

on or about March 13, 2024, revealed multilevel degenerative changes, including severe narrowing of the L3–L5 intervertebral disc spaces and moderate narrowing at L5–S1, as well as mild levoscoliosis. In an effort to address her persistent back pain, ongoing since 2023, Heller underwent an interventional pain injection. Although she experienced some temporary relief, she continues to have recurring back pain that, in conjunction with her other serious conditions, significantly restricts her daily activities and impedes her ability to sustain gainful employment.

19. Due to the severity of her conditions, Heller has required multiple adjustments to her medication regimen over time. She currently takes Wellbutrin 450 mg once daily for bipolar disorder type 1, Toprol 50 mg for hypertension, Lamictal 400 mg for anxiety, lithium 600 mg for mood stabilization, Seroquel 400 mg for mood stabilization, Tizanidine 4 mg for back pain, spironolactone 12.5 mg and losartan 50 mg for high blood pressure, and furosemide 25 mg to manage fluid retention associated with her heart condition. Additionally, she takes melatonin nightly to aid with sleep.

20. As a result of her ongoing symptoms, Heller last worked at BlueScope Steel North America Corporation as a CNC Machine Operator on March 19, 2015.

21. Heller received short-term disability benefits from March 20, 2015, through October 9, 2015, after which her claim transitioned to long-term disability benefits on October 10, 2015.

22. Despite her inability to work, Defendant denied Heller's claim for long-term disability benefits on February 22, 2024. The denial was based on an alleged lack of medical evidence to support a functional impairment precluding Heller from performing the duties of any gainful occupation.

23. In anticipation of appealing the denial of benefits, Plaintiff's attorneys promptly

requested an extension of the appeal deadline, which was granted by Defendant.

24. On August 14, 2024, Plaintiff's attorneys filed an appeal of the Defendant's decision to deny her long-term disability benefits.

25. On September 23, 2024, Defendant notified Plaintiff that it will uphold the prior decision to deny long-term disability benefits.

26. The following evaluations by treating physicians underscore the severity of Heller's impairments.

27. On May 6, 2024, Dr. Leach completed a Physical Capabilities Form for Plaintiff Heller, documenting extensive functional restrictions that preclude her from maintaining gainful employment. According to Dr. Leach's evaluation, Heller can sit, stand, and walk for only limited durations within an eight-hour workday and must avoid lifting more than minimal weight. The form also indicates that she has significant limitations in bending, kneeling, squatting, and repetitive hand movements. These findings align with Heller's documented heart condition and overall physical impairments, reinforcing her claim that she cannot sustain work in any occupational setting.

28. On July 12, 2024, Dr. Lincow completed a Physical Capabilities Form on Heller's behalf, reiterating her permanent limitations and inability to engage in full-time work. According to this form, Heller can only sit, stand, and walk for limited intervals within an eight-hour workday, and she must refrain from lifting more than minimal weight. The document also notes restrictions on bending, kneeling, and other movements requiring sustained physical exertion. Taken together, these findings are consistent with her previously documented impairments and reinforce her claim that she is unable to maintain gainful employment.

29. Since February 22, 2024, Defendant has failed and refused to provide Plaintiff with the long-term disability benefits to which she is legally entitled, despite the fact that Plaintiff remains disabled from working.

### First Cause of Action

30. Plaintiff hereby incorporates by reference all the foregoing paragraphs within the Complaint as though the same were fully set forth at length herein.

31. Plaintiff's current and anticipated disability has continuously and persistently prevented her from performing the material and substantial duties of any occupation.

32. Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned long-term disability policy, and, to date, the Defendant has failed and refused to provide long-term disability benefits to Plaintiff.

33. By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

34. As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

### Relief Sought

WHEREFORE, Plaintiff demands judgment against the Defendant, and requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendant;

B. Order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled, with interest;

      C.      Order the Defendant to continue paying Plaintiff long-term disability benefits in an amount equal to the contractual amount of benefits to which she is entitled, through the Policy's Maximum Benefit Period;

      D.      Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

      E.      Award Plaintiff any and all other contractual and/or equitable relief to which she may be entitled.

Respectfully submitted,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:   /s/ Larissa K. Staszkiw
Larissa K. Staszkiw, Esquire
Attorney ID No. 318362
547 E. Washington Ave.
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiff

Date: February 28, 2025

# CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. **OTHER ACTIONS PENDING?**..............................YES ___ NO __X__
   A. If YES - Parties to other Pending Actions.

   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. **OTHER ACTIONS CONTEMPLATED?**........................YES ____ NO _X__
   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. **ARBITRATION PROCEEDINGS PENDING?**....................YES ___ NO __X_
   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. **OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?**........YES ___ NO _X__
   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

**SWARTZ CULLETON FERRIS**
**TRIAL LAWYERS**

by:   /s/ Larissa K. Staszkiw
      Larissa K. Staszkiw, Esquire
      Attorney for Plaintiff

Date: February 28, 2025